IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE R. POLINER, M.D., and | § | |
| LAWRENCE R. POLINER, M.D., P.A., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:00-CV-1007-P |
| TEXAS HEALTH SYSTEMS, A TEXAS | § | |
| NON-PROFIT CORPORATION d/b/a | § | |
| PRESBYTERIAN HOSPITAL OF DALLAS; | § | |
| JAMES KNOCHEL, M.D.; CHARLES | § | |
| LEVIN, M.D.; and JOHN HARPER, M.D., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are the following motions filed by Defendants on October 27, 2006:

    (1)    Second Renewed Motion for Judgment as a Matter of Law;
    (2)    Second Motion for New Trial;
    (3)    Second Motion for Remittitur; and
    (4)    Motion to Alter or Amend Final Judgment.

After careful consideration of the briefing, the evidence, and the applicable law, the Court hereby DENIES Defendants' Second Renewed Motion for Judgment as a Matter of Law; DENIES Defendants' Second Motion for New Trial; DENIES Defendants' Second Motion for Remittitur; and GRANTS in PART and DENIES in PART Defendants' Motion to Alter or Amend Final Judgment.

## SECOND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants filed a Rule 50(b) Renewed Motion for Judgment as a Matter of Law on October 3, 2005 following a jury verdict in this case. They now file a second Renewed Motion for Judgment

1

as a Matter of Law. Because this Court already ruled on Defendants' post-verdict Rule 50(b) motion in its March 27, 2006 order, this motion is hereby DENIED as duplicative.

This motion is also DENIED on its merits. Defendants argue that the Court erred in ruling that Defendants waived their argument that Dr. Poliner's defamation claim was barred by limitations. Defendants argue, as they did in their original Rule 50(b) motion, that all statements relied on by Plaintiffs were made more than one year before this suit was filed. They also re-argue that any statements that do fall within the limitations period are nonactionable because they refer to the immune June 1998 summary suspension. Defendants argue for two pages that they raised their Rule 8(c) affirmative defense of statute of limitations at the pleading stage, at summary judgment, and at other various junctures throughout the case.

All of these arguments were raised and considered at length by the Court in the Rule 50(b) briefing and opinion. The Court acknowledged in its March 27, 2006 opinion that Defendants raised a Rule 8(c) affirmative defense of statute of limitations at the pleading and summary judgment stages. Apparently, Defendants do not understand the remainder of the Court's ruling. Again, the only bases Plaintiff had for defeating Defendants' statute of limitations argument were the two republications identified in the Court's order (*i.e.,* the December 14, 1999 Verification of Privileges letter and the January 5, 2000 credentialing application). The Court does not accept Defendants' contention that "the facts underlying the limitations defense were undisputed [and] did not require or warrant the submission of a separate jury question." (Mot. at 6 n.1.) The Court found at the summary judgment stage that these two republications were sufficient to raise a fact issue as to whether a defamatory republication was made within one year of filing suit. Defendants waived their statute of limitations defense with regard to those documents because they never argued at any

2

time prior to their Rule 50(b) motion that those republication documents were insufficient to prove that a defamatory publication was made.[1]  In sum, Defendants have not provided any legal basis or authority to cause the Court to reverse its earlier ruling.  All of these arguments were reviewed and resolved in the Court's March 27, 2006 order denying Defendants' Renewed Motion for Judgment as a Matter of Law and therefore, Defendants' motion is hereby DENIED.

## SECOND MOTION FOR A NEW TRIAL

Defendants argue that they are entitled to a new trial under Rule 59 because the jury was motivated by passion and prejudice.  Because this Court already ruled on Defendants' motion for a new trial, which involved analysis of this particular issue, this motion is hereby DENIED as duplicative.

This motion is also DENIED on its merits.  Defendants argue that the Court's October 13, 2006 order was "internally contradictory" because the "verdict cannot simultaneously be 'not reasonable' and 'not a rational amount' on the one hand, and yet be 'a product of reason' and 'resulting from a rational deduction,' on the other hand." (Mot. at 3.)  Again, Defendants appear to have misunderstood the Court's ruling.  The Court expressly stated that the verdict amount was not rational, but the jury's desire to punish Defendants was.  There is no contradiction in these statements and the Court stands by its earlier ruling.

Defendants also argue that the verdict amount was improperly based on damages evidence resulting from the June suspension.  However, the jury was explicitly and properly instructed that it may only "consider damages, if any, that resulted from the actions of Defendants occurring on or

---

[1] Now, in addition to arguing that those republications referenced the summary suspension, not the abeyance, they argue the republications are nonactionable based on truth.  For the same reasons, that argument has been waived.

before May 14, 1998 and/or May 29, 1998." The jury was instructed not to "consider damages that stem from any action taken on or after June 12, 1998." The Court presumes that the jury followed the instructions. As stated in the Court's October 13, 2006 order, the jury could have reasonably found that the evidence at trial established Dr. Poliner suffered economic damage and mental anguish as a result of being labeled a dangerous doctor. (Order at 10-11.)

In sum, Defendants have not provided any legal basis or authority to cause the Court to reverse its earlier ruling. All of these arguments were reviewed and resolved in the Court's October 13, 2006 order denying Defendants' first Motion for a New Trial and therefore, Defendants' second motion is hereby DENIED.

## SECOND MOTION FOR REMITTITUR

Defendants file this Second Motion for Remittitur without providing any procedural basis therefore. Because this Court already ruled on Defendants' original motion for remittitur, this motion is hereby DENIED as duplicative.

This motion is also DENIED on its merits. Defendants have not provided any basis under Rule 60 to warrant the Court granting relief from its order. First, Defendants argue the Court lacked any justifiable basis for declining application of the Maximum Recovery Rule. Defendants challenge the Court's determination that this case involved unique facts and circumstances that were not present in the controlling case law. Defendants vigorously argue that the Court was wrong in declining to find that this case and *Rea* are "fundamentally similar." This Court presided over *Rea* and has spent six years presiding over this case. The Court stands by its ruling.

Defendants' disagreement with the Court's analysis or conclusion does not entitle them to simply re-urge earlier arguments. Defendants have not provided any new legal authority or factual

4

basis to warrant reversal of the Court's earlier ruling.

Defendants also argue that the Court's remitted award of compensatory and punitive damages remains excessive and that further remittitur is required. Defendants contend that the $21 million award has no basis in the evidence relating only to the abeyance. In its October 13, 2006 opinion, the Court discussed the evidence it relied on at length. (*See* Order at 9-12.) Moreover, as stated *supra*, there was evidence at trial establishing that Dr. Poliner suffered economic damage and mental anguish as a result of being labeled a dangerous doctor.[2]

Defendants also argue that the jury verdict awarded a double recovery because "[t]here is no reason to believe the jury followed the" instructions to award damages as to each individual defendant with regard to non-economic damages. (Mot. at 6 n.3.) The Court disagrees. The jury awarded a different amount next to each defendant's name, thereby giving reason to believe that the jury found different defendants liable for different amounts of Plaintiff's damages.

In sum, Defendants have not provided any legal basis or authority to cause the Court to reverse its earlier ruling. All of these arguments were reviewed and resolved in the Court's October 13, 2006 order entering a remittitur and therefore, Defendants' motion is hereby DENIED.

## MOTION TO ALTER OR AMEND FINAL JUDGMENT

First, Defendants argue that Plaintiff Lawrence R. Poliner, P.A. is not entitled to recover judgment on a defamation claim it never brought. The Court agrees. The Final Judgment will be amended to reflect same. Likewise, the Court agrees that Plaintiff Lawrence R. Poliner, M.D. is not entitled to recover economic damages because all evidence of economic damages was suffered by

---

[2] The Court will not engage in a discussion about whether Dr. Poliner's injuries were more or less horrific or painful than other injuries suffered by other victims in other cases unrelated to this one. The Maximum Recovery Rule applies to "factually similar cases" in the relevant jurisdiction.

the P.A. The Final Judgment will be amended to reflect same. Additionally, the Court will amend its Final Judgment to limit pre-judgment interest to the amount of compensatory damages awarded.

The Court disagrees with Defendants' argument that the jury awarded double or overlapping recoveries. The jury was instructed to assess damages separately for each defendant. Additionally, as stated in the Court's October 13, 2006 order, the jury's finding of liability against the Hospital was appropriate in light of the testimony and conduct of the Hospital's Vice-President and President. That verdict does not overlap with its verdict against Dr. Knochel. Defendants' motion is denied on this basis.

With respect to Drs. Levin and Harper, the Court finds that because their settlement does not involve any appealable issue(s) and because Plaintiffs' claims against them were resolved by settlement and Order dated December 8, 2004, inclusion in the Final Judgment is neither necessary nor appropriate.

Therefore, Defendants' Motion to Alter or Amend Final Judgment is hereby GRANTED in part and DENIED in Part.

**IT IS SO ORDERED.**

Signed this 17th day of November 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE